**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-CV-00217-WYD-MJW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ENTERPRISES, LLC,
BRIAN V. PRENDERGAST,
WORLDWIDE EQUITY CORPORATION,
DONALD R. SMITH, and
YUAIL I. ENWIA,

    Defendants.

**TEMPORARY RESTRAINING ORDER,
ASSET FREEZE AND OTHER EQUITABLE RELIEF,
AND ORDER SETTING PRELIMINARY INJUNCTION HEARING**

On February 4, 2009, Plaintiff U.S. Securities and Exchange Commission ("SEC") filed a motion for an *ex parte* order: (1) enjoining Defendants Enterprises, LLC; Brian V. Prendergast; Worldwide Equity Corporation ("WEC"); Donald R. Smith; and Yuail I. Enwia from violations of the antifraud provisions of the federal securities laws; (2) freezing funds and other assets of Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, wherever located, which are derived from any investor funds obtained by or on behalf of Enterprises or WEC in connection with the scheme alleged in the SEC's Complaint; (3) prohibiting the acceptance, deposit or disbursement of additional funds from investors or potential investors; (4) requiring an accounting of investor funds and other assets; (5) preventing the destruction or alteration of documents; (6) providing for expedited

discovery; (7) providing for alternative service; and (8) setting this matter for a preliminary injunction hearing.

The Court considered the Complaint in this action, and the Plaintiff's Memorandum of Law In Support of Motion for *Ex Parte* Temporary Restraining Order and Other Relief and attached exhibits, with the Declaration of Douglas W. Borchers and attached exhibits.

Additionally, upon Motion by the SEC pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court held a hearing on February 4, 2009 at 1:00 p.m. The Court was advised that Defendants had been notified of the hearing; however, they were not present. In their absence, the Court heard additional argument, without testimony, on the necessity for emergency relief. The Court also considered as substantiation for the need to issue this order a Supplemental Declaration of Douglas W. Borchers, which has been filed with the Court.

The Court finds:

1. This Court has jurisdiction over the subject matter of this action and over Defendants Enterprises, Prendergast, WEC, Smith, and Enwia.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 (Securities Act) (15 U.S.C. § 77t(b)) and Section 21(d)(1) Securities Exchange Act of 1934 (Exchange Act) (15 U.S.C. § 78u(d)(1)) by evidence establishing a *prima facie* case and a strong likelihood that the SEC will prevail at trial on the merits and that the Defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 17(a) of the Securities Act (15 U.S.C. § 77q(a)), Section

10(b) of the Exchange Act (15 U.S.C. § 78j(b)), and Exchange Act Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants Enterprises, Prendergast, WEC, Smith, and Enwia will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendants Enterprises, Prendergast, WEC, Smith, and Enwia will continue to accept funds from investors.

4. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

5. There is good cause to believe that an immediate accounting is necessary to identify the source, location and use of funds obtained from investors.

6. There is good cause to believe that expedited discovery and alternative means of service are warranted.

7. Pursuant to Fed. R. Civ. P. 65(b) this Court specifically finds that there is a likelihood of irreparable injury to investors unless this order is issued *ex parte*. The SEC's pleadings indicate, among other things, that: a) Defendants have received and may be receiving funds from investors in Enterprises for investment in WEC's trading program, which is a fraudulent prime bank scheme; and b) the SEC has made a *prima facie* showing that the Defendants have engaged in schemes to defraud investors, made false and misleading statements to investors and omitted material facts in connection with the offer and sale of securities.

8. Based on these and other facts alleged by the SEC, there is good cause to believe that Defendants will dispose of, dissipate, or remove investor funds and assets from the jurisdiction of the Court. Such dissipation of investor funds and assets would constitute irreparable harm to investors. To avoid this irreparable harm, it is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions and persons acting in concert with or directing the activities of the corporate Defendants can be made, thus preventing the dissipation of investor funds.

Now, therefore,

## I.

IT IS HEREBY ORDERED that pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits: Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or; (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit

4

upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)).

**II.**

IT IS HEREBY ORDERED that, pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. 240.10b-5).

**III.**

IT IS HEREBY ORDERED that pending the determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits:

A. The assets, funds, or other property of the Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, wherever located, which are derived from any

investor funds obtained by or on behalf of Enterprises or WEC in connection with the scheme alleged in the SEC's Complaint, are frozen. Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located;

    B.    Any bank, financial or brokerage institution or other person or entity holding any funds obtained in connection with the scheme alleged in the SEC's Complaint, securities or other assets in the name of, for the benefit of, or under the control of Defendants Enterprises and Prendergast, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets; and

    C.    The Defendants are prohibited, directly or indirectly, from accepting funds from investors in Enterprises and WEC or for investment in Enterprises and WEC or any other investment program. Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, and their officers, directors, successor corporation, subsidiaries and affiliates,

agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution additional funds from or potential investors.

**IV.**

IT IS FURTHER ORDERED that Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, and each of their successor corporations, subsidiaries, and affiliates, shall within **two business days** of the service of this order, file with this Court, and serve on the SEC, at the address of its counsel of record, a sworn accounting of:

A. All investors in Enterprises and/or WEC, listing the name and address and phone number of each investor, the amount the investor paid directly or indirectly to Enterprises and/or WEC and date(s) such funds were received; the current locations of all such funds; the disposition of any such funds including the date, amount, recipient and purpose of each disbursement; the location, title and account numbers at any financial institution to which any such funds have been transferred; and the amount of earnings paid to each investor, if any, and date of payment, the amount of other funds returned to each investor and date of payment;

B. All persons who received a commission payment concerning investments in Enterprises or WEC, listing the name and address and phone number of each such person, and the amount and the date of any such commission payment;

C. All investments, securities, funds, real estate, and other assets held in the names of Enterprises, Prendergast, WEC, Smith, and/or Enwia, or the names of any subsidiary or affiliate or under their direct or indirect control or in which they have or have

had since January 1, 2008, a direct or indirect beneficial interest, stating a description and location of such assets;

D.   Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Enterprises, Prendergast, WEC, Smith, and/or Enwia, or the names of any subsidiary or affiliate or in which they have direct or indirect control or beneficial interest or have had any direct or indirect beneficial interest since January 1, 2008; and

E.   Every transaction in which the ownership, direction and control of any funds or other assets of any kind have been transferred, directly or indirectly, since January 1, 2008 to or from Defendants Enterprises, Prendergast, WEC, Smith, and/or Enwia.

**V.**

IT IS FURTHER ORDERED that, the Defendants are prohibited from destroying or altering records. Pending determination of the SEC's Motion for a Preliminary Injunction or hearing on the merits, Defendants Enterprises, Prendergast, WEC, Smith, and/or Enwia, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the Defendants. As used in this order, "document" means the original and all non-identical copies (whether non-identical

because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

**VI.**

IT IS FURTHER ORDERED that the SEC's application for expedited discovery concerning defendants, their assets, and their activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

A. Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on **two days** notice of any such deposition. Depositions may be taken Monday through Saturday and may be taken telephonically. As to Defendants Enterprises, Prendergast, WEC, Smith, and/or Enwia, and their officers, directors, subsidiaries and affiliates, agents, servants, employees, owners, brokers, associates, trustees, and underwriters, the SEC may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such Defendants, and without serving a subpoena on such witness. Depositions which have not been signed by the witness may be used for purposes of the hearing on Plaintiff SEC's application for a preliminary injunction;

B. Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall answer the SEC's interrogatories within **three days** of service of such interrogatories upon Defendants;

C. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the defendants, and each of them, shall produce all documents requested by the SEC within **two days** of service of such request, with production of the documents made to Julie K. Lutz, U.S. Securities and Exchange Commission, Denver Regional Office, 1801 California St., Suite 1500, Denver, CO 80202, or such other person or place as counsel for the SEC may direct in writing;

D. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, the Defendants, and each of them, shall respond to the SEC's requests for admissions within **three days** of such requests; and

E. All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the Securities and Exchange Commission's Denver Regional Office at 1801 California Street, Suite 1500, Denver, Colorado 80202, to the attention of Julie K. Lutz, or such other place and person as counsel for the SEC may direct in writing.

**VII.**

IT IS FURTHER ORDERED that service of this Order, the Summons and Complaint may be made by facsimile, mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made

on any registered agent, officer, or director of Defendants, or by publication. Discovery requests may be communicated by facsimile, mail, or delivery by commercial courier.

**VIII.**

IT IS FURTHER ORDERED that the Defendants, and each of them, shall appear before this Court at **1:30 p.m. on Thursday, February 12, 2009 in Courtroom A602**, of the United States District Court for the District of Colorado, to show cause, if any there be, why this Court should not enter a Preliminary Injunction and order preliminary relief against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure, and extend the temporary relief granted in this Order until a final adjudication on the merits may be had.

**IX.**

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

DATED: February __4__, 2009

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge