**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00217-CMA-MJW

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

ENTERPRISES, LLC,
BRIAN V. PRENDERGAST,
WORLDWIDE EQUITY CORPORATION,
DONALD R. SMITH, and
YUAIL I. ENWIA,

    Defendants.

---

**ORDER FOR PRELIMINARY INJUNCTION, ASSET FREEZE, ACCOUNTING,
AND REPATRIATION OF FUNDS AGAINST DEFENDANTS**

---

On February 4, 2009, Plaintiff U.S. Securities and Exchange Commission ("SEC") filed a motion for an *ex parte* order: (1) enjoining Defendants Enterprises, LLC; Brian V. Prendergast; Worldwide Equity Corporation ("WEC"); Donald R. Smith; and Yuail I. Enwia from violations of the antifraud provisions of the federal securities laws; (2) freezing funds and other assets of Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, wherever located, which are derived from any investor funds obtained by or on behalf of Enterprises or WEC in connection with the scheme alleged in the SEC's Complaint; (3) prohibiting the acceptance, deposit or disbursement of additional funds from investors or potential investors; (4) requiring an accounting of investor funds and other assets;

(5) preventing the destruction or alteration of documents; (6) providing for expedited discovery; (7) providing for alternative service; and (8) setting this matter for a preliminary injunction hearing.

The Court ordered the Defendants to appear on February 12, 2009 at 1:30 p.m. and show cause why this Court should not enter a Preliminary Injunction and order preliminary relief against the Defendants pursuant to Rule 65 of the Federal Rules of Civil Procedure, and extend the temporary relief granted in this Order until a final adjudication on the merits may be had.  Following the presentation of evidence by the parties, the Court finds:

1. The Court has jurisdiction over the subject matter of this action.

2. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 20(b) of the Securities Act of 1933 ("Securities Act") (15 U.S.C. § 77t(b)) and Section 21(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78u(d)(1)) by evidence establishing a *prima facie* case and a strong likelihood that the SEC will prevail at trial on the merits and that the Defendants, and each of them, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Sections 17(a) of the Securities Act (15 U.S.C. § 77q(a)), Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)), and Exchange Act Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants Enterprises, Prendergast, WEC, Smith and Enwia will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action, and that unless restrained Defendants Enterprises, Prendergast, WEC, Smith and Enwia will continue to accept funds from investors.

4. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

5. There is good cause to believe that an immediate accounting is necessary to identify the source, location and use of funds obtained from investors.

6. There is good cause to believe that expedited discovery and alternative means of service are warranted.

7. Pursuant to Fed. R. Civ. P. 65(b), this Court specifically finds that there is a likelihood of irreparable injury to investors unless this order is issued. The SEC's pleadings indicate, among other things, that: a) defendants have received and may be receiving funds from investors in Enterprises for investment in WEC's trading program, which is a fraudulent prime bank scheme; b) the SEC has made a *prima facie* showing that the defendants have engaged in schemes to defraud investors, made false and misleading statements to investors, and omitted material facts in connection with the offer and sale of securities; and c) the SEC has made a prima facie showing that the defendants have misappropriated investor funds.

8. Based on these and other facts alleged by the SEC, there is good cause to believe that Defendants will dispose of, dissipate, or remove investor funds and assets from the jurisdiction of the Court. Such dissipation of investor funds and assets would constitute irreparable harm to investors. Now, therefore,

IT IS HEREBY ORDERED that the SEC's Motion for a Preliminary Injunction is granted as to Defendants Enterprises, LLC, Brian V. Prendergast, Worldwide Equity Corporation, Donald R. Smith, and Yuail I. Enwia.

IT IS HEREBY ORDERED that, pending trial on the merits or further order of the Court, Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or; (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)).

IT IS FURTHER ORDERED that, pending trial on the merits or further order of the Court, Defendants Enterprises, Prendergast, WEC, Smith and Enwia, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 thereunder (17 C.F.R. 240.10b-5).

IT IS HEREBY ORDERED that, pending trial on the merits or further order of the Court:

A. The assets, funds, or other property of the Defendants Enterprises, Prendergast, WEC, Smith and Enwia, wherever located, which are derived from any investor funds obtained by or on behalf of Enterprises or WEC in connection with the scheme alleged in the SEC's Complaint, and assets which are traceable to or can reasonably be shown to be derived from the conduct alleged in the Complaint, are

frozen. Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, and their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist and wherever located;

  B. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets in the name of, for the benefit of, or under the control of Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, or their officers, directors, successor corporations, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, or assets which are traceable to or can reasonably be shown to be derived from the conduct alleged in the Complaint, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets; and

  C. The Defendants are prohibited, directly or indirectly, from accepting funds from investors in Enterprises and WEC or for investment in Enterprises and WEC or any other investment program. Defendants Enterprises, Prendergast, WEC, Smith, and Enwia, and their officers, directors, successor corporation, subsidiaries and affiliates,

6

agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, shall refrain from accepting, taking control of, or depositing in any financial institution additional funds from or potential investors.

IT IS FURTHER ORDERED that Defendants Enterprises, Prendergast, WEC, Smith and Enwia, and their respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, within three (3) days of entry of this Order, shall repatriate, and take such steps as are necessary to repatriate to the territory of the United States of America, any and all assets and funds, held by or in the name of or for the benefit of any or all of the defendants, or over which any of them maintained or maintains and/or exercises or exercised control, which are derived from any investor funds obtained by or on behalf of Enterprises or WEC in connection with the scheme alleged in the SEC's Complaint.

IT IS FURTHER ORDERED that, pending trial on the merits or further order of the Court, Defendants Enterprises, Prendergast, WEC, Smith and Enwia, and each of their successor corporations, subsidiaries, and affiliates, shall within **five business days** of the service of this order, file with this Court, and serve on the SEC, at the address of its counsel of record, a sworn accounting of:

    A.    All investors in Enterprises and/or WEC, listing the name and address and phone number of each investor, the amount the investor paid directly or indirectly to

7

Enterprises and/or WEC and date(s) such funds were received; the current locations of all such funds; the disposition of any such funds including the date, amount, recipient and purpose of each disbursement; the location, title and account numbers at any financial institution to which any such funds have been transferred; and the amount of earnings paid to each investor, if any, and date of payment, the amount of other funds returned to each investor and date of payment;

      B.      All persons who received a commission payment concerning investments in Enterprises or WEC, listing the name and address and phone number of each such person, and the amount and the date of any such commission payment;

      C.      All investments, securities, funds, real estate, and other assets held in the names of Enterprises, Prendergast, WEC, Smith, and/or Enwia, or the names of any subsidiary or affiliate or under their direct or indirect control or in which they have or have had since January 1, 2008, a direct or indirect beneficial interest, stating a description and location of such assets;

      D.      Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of Enterprises, Prendergast, WEC, Smith, and/or Enwia, or the names of any subsidiary or affiliate or in which they have direct or indirect control or beneficial interest or have had any direct or indirect beneficial interest since January 1, 2008; and

      E.      Every transaction in which the ownership, direction and control of any funds or other assets of any kind have been transferred, directly or indirectly, since

January 1, 2008 to or from Defendants Enterprises, Prendergast, WEC, Smith, and/or Enwia.

IT IS FURTHER ORDERED that the Defendants are prohibited from destroying or altering records.  Pending trial on the merits or further order of the Court, defendants Enterprises, Prendergast, WEC, Smith and/or Enwia, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the Defendants.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

IT IS FURTHER ORDERED that the SEC may immediately commence discovery as to the Enjoined Defendants, without awaiting a Fed. R. Civ. P. 26(f) conference.

IT IS FURTHER ORDERED that service of this Order may be made by e-mail, facsimile, mail, delivery by commercial courier, or personally by any employee of the Securities and Exchange Commission who is not counsel of record in this matter, or special process server, or any other person, or in any other manner authorized by Rule 5 of the Federal Rules of Civil Procedure and may be made on any registered agent, officer, or director of Defendants, or by publication. Discovery requests may be communicated by e-mail, facsimile, mail, or delivery by commercial courier.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.

DATED: February  13 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge