UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 09-CV-00217 (CMA)

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

  v.

ENTERPRISES, LLC,
BRIAN V. PRENDERGAST,
WORLDWIDE EQUITY CORPORATION,
DONALD R. SMITH, and
YUAIL I. ENWIA,

        Defendants.
_____

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO MODIFY PRELIMINARY INJUNCTION ORDER AND RELEASE FUNDS**
_____

Plaintiff Securities and Exchange Commission ("SEC") submits this response to Defendants' Motion to Modify Preliminary Injunction Order and Release Funds. The unstated motivation for this improper motion is an obvious attempt to "undo" what the Court has preliminarily found to be a securities fraud by returning the proceeds of the fraud to investors. Defendants cannot, however, escape sanctions for fraud violations quite so easily. Disgorgement of ill-gotten gains by the Defendants is but one of the remedies sought by the Plaintiff in this securities fraud action.

Further, the Defendants face a key threshold problem in seeking the dissolution of the Court-ordered freeze: they have misappropriated a substantial portion of the investors' money. This ongoing misappropriation of investor money violates the Court's freeze orders in the case, and is the subject of Plaintiff's pending motion for an order to show cause why Defendant Enwia

should not be held in contempt. The Defendants nowhere acknowledge this misappropriation, or the fact that over $500,000 in investor money remains missing and unaccounted for, as detailed in the Plaintiff's pending motion for contempt. Instead, the Defendants falsely represent that they have accounted for all of the investor money and claim that they stand ready to make "a full refund offer" comprised of frozen funds and funds "under the control of" their counsel. The latter assertion is uncorroborated, and although the SEC strongly supports the surrender of all funds raised from investors into the registry of the Court as an interim step toward compensating investor victims, such action would not rectify the fact that the Defendants raised money from investors through fraudulent misrepresentations.

Finally, the most dangerous reason for the relief sought by the Defendants is their thinly disguised attempt to regain control of the investors' money. The Defendants are continuing to defraud investors with "lulling" communications which falsely characterize the record in the case and the Court's factual findings to date, and suggest that a transaction with Defendants will be consummated as originally represented if the funds are unfrozen. The investor affidavits attached to the Defendants' motion are the product of such lulling activities on the part of the Defendants, which violate not only the antifraud provisions of the federal securities laws but the injunctive orders already issued by the Court. Further, the investor affidavits not only are being solicited but drafted by the Defendants and their counsel. These actions flout both the Court's findings of fraud and its orders. The Court should deny the relief sought by the Defendants in their motion, because it is part of a continuing attempt by Defendants to defraud investors already injured by their misconduct.

### A. The Defendants' Fraudulent Lulling of Investors

On February 14, 2009, following the Court's entry of the Preliminary Injunction Order, Defendant Prendergast sent a form Declaration to the Enterprises, LLC and Worldwide Equity Corporation ("WEC") investors, with instructions that state:

> Dear valued client:
>
> Attached is an Affidavit we have prepared for you [sic] signature(s) that states that you entered into this private placement on your own free will and that you felt that you were suitable for the amount of money you contributed and that you were not solicited by Don Smith nor World Wide Equity Corporation nor Yuail Enwia.
>
> The SEC still has not proven mis-use of funds and they still do not have the complete picture of the accounting for the money once it was transferred to Issac Enwia's account in Bank of America in California. This will come shortly.
>
> **Mr. Enwia has stated to me in several conversations since this action was undertaken by the SEC that the original objectives of the private placement were initiated in mid-December and will produce the planned income stream if we can get our bank accounts unfrozen.**
>
> **If you desire to assist us in getting these accounts unfrozen and moving forward with the planned objectives of this private placement, please sign the attached Affidavit, have it notarized and return to me at FAX no. 303-627-6438.**
>
> Sincerely,
> Brian Prendergast

*See* Declaration of Julie K. Lutz ("Lutz Decl."), ¶ 6 and Exhibit A thereto (emphasis added).

In fact, since the commencement of this litigation, Defendant Prendergast has continued to represent to investors that their funds are safe and would generate the promised returns. For example, in a letter to investors dated Monday, March 2, 2009, Defendant Prendergast represented to investors that:

3

> "I spoke with Mr. Enwia today to confirm his role in meeting his original commitment to us when the SEC decides to release our funds.  He is just as committed as he was in the beginning of this joint venture between Enterprises, LLC and World Wide Equity Corp.  **Therefore I would encourage each of you who loaned money to Enterprises, LLC to remain committed and you will eventually be rewarded as promised**. . . **.  I wanted each of you to know that you will have the opportunity to continue with us once we can secure the release of our bank accounts and funds from the SEC**."

*See* Lutz Decl., ¶ 6 and Exhibit B thereto (emphasis added).  In an email dated February 7, 2009, Defendant Prendergast told investors:

> **Your money is absolutely safe and can be accounted for**.  **The joint venture between Enterprises LLC and WEC is a legitimate business venture and the assets backing that venture can be verified**.

*See* Lutz Decl., ¶ 7 and Exhibit C thereto (emphasis added).  Prendergast sent another letter to investors telling them that the **"entire amount of funds can be fully accounted for and we will do so in the coming days in court"**, and that **"the [Enterprises/WEC] joint venture is quite legitimate and we can prove it."** Lutz Decl., ¶ 8 and Exhibit D thereto (emphasis added).  These claims are flagrant falsehoods.  As the Court is well aware, the Defendants failed to make any of these showings in the show cause evidentiary hearing before the Court on the SEC's motion for entry of a preliminary injunction.  The Defendants also have failed to make any such showing in their Court-ordered accountings.  Examples of other false representations made to the Enterprises/WEC investors since the inception of this litigation are attached to the Lutz Decl. at Exhibit E.

The Defendants' current efforts to convince investors that they have not been defrauded are a clear attempt to conceal evidence of their fraud.  These communications to investors not only contravene the Court's prior explicit factual findings concerning the scheme, but are a

4

continuing fraud on the investors in clear violation of the Court's prior orders. *See, United States v. Varah,* 1992 U.S. App. LEXIS 18475, 9-10 (10th Cir. July 30, 1992) :

> A lulling letter is a mailing that is "designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place." *United States v. Maze*, 414 U.S. 395, 403 (1974); see also *S.E.C. v. Holschuh*, 694 F.2d 130, 144 n.24 (7th Cir. 1982) (For mail fraud and securities fraud, "'[a] scheme to defraud may well include later efforts to avoid detection of the fraud . . . Avoidance of detection and prevention of recovery of the money lost by the victims are within, and often a material part of, the illegal scheme. Further profit from the scheme to defraud, as such, may be over, and yet the scheme itself may not be ended.'") (citation omitted).

### B.     Defendants' Claim of Protecting Investor Proceeds is Spurious

In addition to being premised upon their continuing attempts to defraud investors, the Defendants' motion raises as a pretext for the requested relief the ridiculous claim that investors' funds must be protected from use by the SEC to satisfy penalties which the Court may order against the defendants based upon their fraudulent conduct.  This false and grandstanding assertion is disturbing mainly because it indicates that the defendants are likely making similarly false statements to the investors.  Of course investors would never be liable to pay a penalty imposed by the Court against the Defendants who defrauded them, and the representation that investor funds should be unfrozen to preclude such an event is simply another attempt by Defendants to defraud the investors.

### C.     All Funds Raised in the Scheme Should be Surrendered to the Court

One of the objectives of the SEC's enforcement action is to force the defendants to disgorge their ill-gotten gains so that the SEC may return them to investors under the oversight of the Court.  Defendants claim that they are presently able to disgorge the entire $2.5 million they have fraudulently raised.  This claim appears dubious, because the SEC's tracing of investor

5

money to date has shown that the defendants misappropriated a substantial portion of the money and that over $500,000 of the investor proceeds is still missing.  Further, Defendants have failed to account for investor funds pursuant to the Court's Preliminary Injunction Order, as noted in the SEC's Motion for an Order to Show Cause for Contempt against Defendant Yuail I. Enwia. Nonetheless, the SEC submits that the Court should take the Defendants at their word and order them to surrender forthwith to the registry of the Court all funds comprising the difference between what is currently frozen pursuant to the orders of the Court, and what the Defendants fraudulently raised from investors.  Given the continuing misappropriation of investor money which is the basis of the SEC's pending contempt motion against Defendant Enwia, this action is also appropriate as a means of safeguarding investor funds.  Defendants' recent statements to investors confirm that the only modification to the preliminary injunction order should be one that requires the Defendants' to deposit all investor funds into the Court's registry.

Dated this 11th day of March 2009.

    Respectfully submitted,

    s/Julie K. Lutz
    Nancy Gegenheimer
    Julie K. Lutz
    Rebecca L. Franciscus
    Attorneys for Plaintiff
    Securities and Exchange Commission
    1801 California Street, Suite 1500
    Denver, CO  80202
    email:
    lutzj@sec.gov
    franciscusr@sec.gov

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2009, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO MODIFY PRELIMINARY INJUNCTION ORDER AND RELEASE FUNDS** with the Clerk of the Court using the CM/ECF system, to the following:

Robert T. McAllister, Esq.
Robert T. McAllister, P.C.
5845 West Mansfield Avenue, Suite 259
Denver, CO 80235
Phone: 720-570-8892
Attorney for Defendants


s/Julie K. Lutz
Julie K. Lutz
Attorney for the Plaintiff